# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
      Appellant,

      v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
      Agency.

DOCKET NUMBER
DE-3330-15-0048-I-1

DATE: April 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Kathleen Mee</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In March 2014, the agency issued, under both its delegated examining (DE) and merit promotion (MP) authorities, vacancy announcements HHS-OASH-DE-14-1078241 and HHS-OASH-MP-14-1078194, for the position of Public Health Advisor (PHA), in the Office of the Assistant Secretary for Health (OASH), located in Atlanta, Georgia. Initial Appeal File (IAF), Tab 4, at 8-13, 127-33. The appellant, a preference-eligible veteran, applied for the position under the DE announcement and was afforded the appropriate veterans' preference. IAF, Tab 4 at 15-44, 48. The appellant was found qualified for the PHA position at the GS-13 grade level and his application, along with those of the other qualified applicants (under the DE and MP certificates at both the GS-12 and GS-13 grade levels), and was referred to the selecting official, the OASH Regional Health Administrator. *See* IAF, Tab 4 at 50, 55-63, 135-60. The appellant was subsequently advised that he was not selected for the PHA position. IAF, Tab 4, Subtab 2f at 53.

¶3    After exhausting his administrative remedies with the Department of Labor, the appellant filed this appeal and requested a hearing. IAF, Tab 1 at 2, 8. On appeal, the appellant argued that agency personnel failed to properly evaluate his

application, that he was qualified for the PHA position, and that the selection process was unlawful. IAF, Tabs 1, 8-9. In response to the administrative judge's order to clarify whether the PHA position was filled, the agency submitted a sworn declaration from the Regional Health Administrator stating that she did not select anyone for either of the jobs listed in the vacancy announcements. IAF, Tab 6 at 7. The administrative judge notified the parties that he found no genuine dispute of material fact requiring a hearing, advised them of the applicable law and burdens of proof, and issued a close of the record order allowing the parties until December 19, 2014, to supplement the record. IAF, Tab 7. The appellant responded, and the administrative judge found, based upon the undisputed facts, that the agency did not violate any of the appellant's statutory or regulatory veterans' preference rights in not making a selection under either vacancy announcement. IAF, Tabs 4, 6, 8-9; IAF, Tab 10, Initial Decision (ID) at 5.

¶4    The appellant has filed a petition for review arguing, in pertinent part, that he was improperly denied a hearing and that the agency violated his "VEOA rights." Petition for Review (PFR) File, Tab 1 at 5, Tab 4. The appellant also refers to prior appeals he filed against the agency and he argues that there is a pattern and practice of circumventing his and others' veterans' rights. PFR File, Tab 1 at 6-13. The appellant asks the Board to reverse the initial decision and remand his appeal for a hearing. PFR File, Tab 1 at 13-15. The agency responded in opposition to the petition, and the appellant replied reasserting his argument that he was improperly denied a hearing; arguing that he was qualified for the position and entitled to priority placement; and that the agency improperly closed the vacancy announcement without selecting him or providing a basis for not filling the position. PFR File, Tab 2, Tab 4 at 9-13.

¶5    To be entitled to relief under the Veterans Employment Opportunities Act of 1998 (VEOA), the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans'

preference rights in its selection process. *Graves v. Department of Veterans Affairs*, [114 M.S.P.R. 209](#), ¶ 10 (2010). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. [5 C.F.R. § 1201.56](#)(c)(2). The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, [108 M.S.P.R. 349](#), ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Redd v. U.S. Postal Service*, [101 M.S.P.R. 182](#), ¶ 14 (2006). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id*.

¶6      Here, the appellant's argument that the agency violated his veterans' rights under VEOA is a dispute of law, not a genuine dispute of material fact that warrants a hearing. PFR File, Tab 1 at 4. It is undisputed that the agency did not select any candidates who applied under either the DE or MP vacancy announcements. ID at 2; IAF, Tab 6 at 7. The Board has recognized that there is no statute or regulation that requires an agency to make a selection for a vacancy announcement; to the contrary, the Board has observed that an agency can even cancel or repost a vacancy announcement without making a selection. *Ward v. Office of Personnel Management*, [79 M.S.P.R. 530](#), 534 (1998) (an agency has discretion as to which sources it will use to fill its positions and may select or not select from the applicants who respond to a vacancy announcement), *aff'd*, 194 F.3d 1333 (Fed. Cir. 1999) (Table); *see Abell v. Department of the Navy*, [343 F.3d 1378](#), 1384 (Fed. Cir. 2003) (finding that "[a]n agency may cancel a vacancy announcement for any reason that is not contrary to law"). Although the appellant argues that he was qualified for the positions, we agree with the administrative judge's finding that the agency's decision not to select anyone for

the PHA position under these vacancy announcements did not violate the appellant's rights under any statute or regulation related to veterans' preference. ID at 5.

¶7        Accordingly, because the unrebutted record evidence reflects that the agency did not fill the PHA position, *see* IAF, Tab 6 at 7, we agree with the administrative judge that there is no genuine issue of material fact and find that the administrative judge properly denied the appellant's request for corrective action on the written record.  The appellant's remaining arguments based on review are not dispositive and present no basis for disturbing the initial decision. We therefore deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.